UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael R. Whipple,<br><br>     Plaintiff,<br><br>v.<br><br>Nancy Johnston, *CEO of MSOP, Sued in her individual and official capacities*,<br><br>     Defendant. | Civ. No. 22-2588 (JWB/JFD)<br><br>**ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

---

This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge John F. Docherty dated June 14, 2023. (Doc. No. 29.) Plaintiff has filed an objection to the recommendation that the case be dismissed with prejudice. (Doc. No. 32.)

The Court reviews the portions of the R&R to which Petitioner objects *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment

("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Petitioner is *pro se*, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has reviewed Plaintiff's objections to the June 14, 2023 R&R. Plaintiff's objections do not identify any error of law or fact that warrant rejecting the recommendations in the R&R. In particular, Plaintiff argues he has pled enough information to put Defendant on notice of his constitutional claim relating to the seizure of the Xbox. (Doc. No. 32 at 7.) Federal courts, however, require specific allegations that plausibly allege a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, as the R&R correctly notes, Plaintiff has failed to adequately allege facts supporting why he was wrongly removed from Tier 3 status to Tier 2 status, which resulted in his Xbox being taken away. (*See* Doc. No. 29 at 7.) *C.F. Dean v. Johnston*, No. 19-3186 (JRT/LIB), 2021 WL 3667265, at *1 (D. Minn. Aug. 18, 2021) (conclusory allegations insufficient to permit inference that the Xbox was unreasonably seized), *appeal dismissed*, No. 21-3119, 2022 WL 839290 (8th Cir. Jan. 6, 2022). Similarly, Plaintiff has failed to specific facts to support his conclusory due process claims. *Id*. at *4 (noting that plaintiff "cannot assert a constitutionally protected property interest in the Xbox while he is on Tier 2" and that plaintiff lacked a protected liberty interest in tier status). And, after carefully reviewing all other portions of the R&R not specifically objected to, the Court finds that it is neither

2

clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the Court accepts the R&R in its entirety.

**IT IS HEREBY ORDERED** that:

1. The Order and Judgment at Docket Nos. 30 and 31 are **VACATED**;

2. Plaintiff Mark R. Whipple's Objections to Magistrate's Report and Recommendations (Doc. No. 32) are **OVERRULED**;

3. The Report and Recommendation (Doc. No. 29) is **ACCEPTED**;

4. Defendant Nancy Johnston's Motion to Dismiss with Prejudice (Doc. No. 15) is **GRANTED**; and

5. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: September 12, 2023               *s/ Jerry W. Blackwell*
                                       JERRY W. BLACKWELL
                                       United States District Judge